UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LEON WILSON**<br><br>　　Plaintiff,<br><br>v.<br><br>**SUMMIT COUNTY**,<br>**BATH TOWNSHIP**, and<br>**VITO SINOPOLI**, in his official capacity and personal capacities,<br><br>　　Defendants. | Civil Action No.: 5:19-cv-156<br><br>Judge: John R. Adams |

## SECOND AMENDED COMPLAINT

1. The suburbs of Summit County have advanced a years-long war against the Constitutional rights of panhandlers to communicate their needs and ask for help.

2. Between 2013 and 2018, Summit County maintained a facially unconstitutional anti-panhandling law that its suburban communities used to deter people from asking for help. After the ACLU notified the County that this attempt to restrict panhandling violated the First Amendment, the County repealed the law in October of 2018. Just weeks later, in December, the County replaced it with a new law that imposes the same unconstitutional restrictions simply using different language.

3. Summit County's latest anti-panhandling law, Chapter 372 (the Anti-Panhandling Law or Law) prohibits panhandling in even more areas throughout Summit County than the prior one. In some jurisdictions, it effectively prohibits panhandling altogether in *all* public fora.

4. Bath Township is one of the jurisdictions where the Anti-Panhandling Law effectively bans panhandling. Upon information and belief, there is no public place in all of Bath Township where any panhandler can ask for or receive donations from passing motorists.

5. Plaintiff Leon Wilson panhandles in Bath to support his family. Since the Anti-Panhandling Law passed, Bath Police have repeatedly told him that under the Law, he is not allowed to exercise his constitutional right to ask for donations anywhere in Bath Township or he may be arrested. Even since filing his original complaint, Bath Township Police have told him explicitly to leave the Township and never return.

6. By enacting and enforcing Summit County Chapter 372, Defendants have violated and are violating Plaintiff's constitutional rights and the constitutional rights of many others.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to Article III of the Constitution of the United States and 28 U.S.C. §§ 1331 and 1343(3) and (4). The relief sought is authorized by the Constitution of the United States, 42 U.S.C. § 1983, and other law.

8. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). The actions giving rise to this suit took place in this judicial district. Defendants Summit County and Bath Township are located within this judicial district, and Defendant Vito Sinopoli, sued in his official and personal capacities, works in this judicial district as well.

# PARTIES

**Plaintiff**

9. **Plaintiff Leon Wilson** is a 66-year-old veteran; he served in the United States Marine Corps and was honorably discharged. In order to raise funds to support himself and his family, Mr. Wilson will sometimes hold a cardboard sign that states he needs help. He stands and holds his sign in a place where vehicles are not moving, such as at stop signs or traffic lights. Mr. Wilson does not interfere with traffic or place himself or others at risk while holding his sign. He asks for help in this way in Bath Township, close to where he lives. He has been threatened and made to stop expressing his needs through the Bath Police Department's enforcement of the Anti-Panhandling Law.

**Defendants**

10. **Defendant Summit County** is a chartered Ohio government entity that, acting through its Council, has power to enact legislation. Summit County enacted the Anti-Panhandling Law.

11. **Defendant Bath Township** is a township incorporated in Summit County, Ohio. Bath Township is overwhelmingly wealthy and white. In 2017, Bath Township was more than 83% white and its median household income was $102,670. Through its police, Bath has enforced Summit County laws criminalizing panhandling for years.

12. **Defendant Vito Sinopoli** is the Chief of Police for Bath Police Department and the Township Administrator for Bath Township. He is sued in his official and personal capacities.

# FACTS

**Summit County's 2013 Anti-Panhandling Ordinance**

13. In 2013, Summit County Council adopted extensive criminal restrictions on panhandling in all unincorporated areas of the County, including Bath Township. Bath Township officials, including Chief Sinopoli, lobbied in favor of these restrictions.

14. The 2013 ordinance made it a crime to ask for a donation in groups of two or more, or in numerous locations in the County, such as within 25 feet of any intersection.

15. As a content-based restriction on speech, the 2013 ordinance was a plain violation of the First Amendment under clearly established law.

16. By 2016, nearby Akron had repealed its similar anti-panhandling law after it was challenged in this Court. Fairlawn quickly did the same, as did other cities throughout Ohio and the nation.

17. In fact, for the entire period that Summit County's 2013 anti-panhandling law was in effect, federal courts across the country repeatedly and consistently struck down similar anti-panhandling laws. But Summit County ignored the clear repeated holdings of federal courts throughout this period, and did not act to bring its law into compliance with the Constitution.

18. In August 2018, the ACLU and the National Law Center for Homelessness and Poverty sent a letter to Summit County explaining the constitutional flaws in its 2013 ordinance.

19. The Summit County Prosecutor agreed that the 2013 ordinance was unconstitutional, and on October 15, 2018, Summit County Council finally voted to repeal it.

20. But even after the Summit County Prosecutor concluded that the 2013 Ordinance was unconstitutional, and even despite the unanimous weight of judicial precedent, the Bath Township Police continued to aggressively enforce the 2013 ordinance.

21. On one day in early October, 2018, Plaintiff Leon Wilson went to a location near a shopping plaza in Bath, and held up his sign asking for help. Defendant Sinopoli arrived and told Mr. Wilson that he was not allowed to exercise his free speech rights in Bath Township due to the 2013 ordinance. At that time, Defendant Sinopoli said that he "did not care" that the County's 2013 ordinance was being repealed.

**Summit County's Current Anti-Panhandling Ordinance**

22. Just weeks following the repeal of the 2013 ordinance, Summit County adopted the current Anti-Panhandling Law, codified at Chapter 372 of the Summit County Codified Ordinances. County Ord. 2018-521.

23. The current Anti-Panhandling Law, although it uses different language, is aimed at the same objective—to exclude panhandlers from areas of Summit County for exercising their First Amendment speech.

24. Defendants Bath Township and Chief Sinopoli were key lobbyists for the new Law. On October 31, 2018, Chief Sinopoli wrote an essay in his "Bath Township Administrator's Corner" explaining that he was seeking the new legislation to target panhandlers because the "practice is one that has become increasingly annoying for many people." Also using that platform, the Police Chief said that "many view them [panhandlers] as opportunists who capitalize and prey on the inherent goodness of people to help others in need." He added that he believes "panhandling to be a rather profitable endeavor, especially during the holiday season." https://www.scriptype.com/2018/10/31/bath-township-administrators-corner-2/

25. As-introduced, the text of the Anti-Panhandling Law's enacting ordinance, 2018-521, specifically references panhandling multiple times. Initially, the final "whereas" paragraph of the ordinance's preamble read: "WHEREAS, this Council finds and determines, after

5

reviewing all pertinent information, that it is necessary and in the best interest of the County to **enact Section 537.15 of the Codified Ordinances of the County of Summit entitled 'Panhandling**.'" (emphasis added). This sentence was amended before the ordinance passed to remove the explicit reference to panhandling—though the ordinance's operative text stayed the same.

26. The ordinance's operative text also purported to "enact[] section 537.15," explicitly referring to the 2013 anti-panhandling ordinance. This portion of the ordinance was not amended and was ratified by the Summit County Council.

27. Upon information and belief, there was no public or expert input on the new ordinance, and no meaningful debate. The entire formal legislative process lasted only one week. In fact, the current Anti-Panhandling Law was passed without the three readings normally required under the Summit County Charter for legislation.

28. The current Law as enacted is awkwardly drafted. It makes it a crime for any person in a right-of-way to "engage in distribution" with a driver or occupant of a vehicle. "Distribution" is defined as "an exchange or an attempt to exchange a physical item between two or more persons." Thus, a panhandler who holds up a sign and tries to receive a donation from someone would be guilty of "distribution."

29. A right-of-way is defined broadly under the Law, including the entire "area extending to the right-of-way limits under the control of the state or local authority." Thus the Law applies well beyond actual roadways, including the shoulder or curb. Ord. Section 372.01.

30. In effect, the Anti-Panhandling Law would preclude any panhandler from communicating with any motorist in any public space throughout entire jurisdictions, such as Bath Township.

31. The Law also makes it a crime to "engage or attempt to engage in distribution" by asking a person to reconsider a "no" answer to a request for donation, or touching a person's property without consent. Ord. Section 372.02.

**Bath's Enforcement of the Law: "We Don't Want You Out Here. Go Back to Akron"**

32. The Anti-Panhandling Law prohibits Mr. Wilson from communicating his needs to motorists in many Summit County spaces including all of Bath Township—no matter how safely he and motorists conduct themselves.

33. When they have seen him panhandling, Bath Township Police Officers have told Mr. Wilson, "We don't want you here. Go back to Akron."

34. On multiple occasions in December 2018 and January and February 2019, Mr. Wilson attempted to hold up his cardboard sign asking for help in Bath Township. Each time, Bath Police Department officers told him he was not allowed to panhandle in Bath Township at all.

35. On these occasions, Mr. Wilson had intentionally chosen to stand near commercial driveways in a Bath shopping area, where he could safely communicate with motorists in vehicles that were not moving.

36. This is Plaintiff's usual practice: Typically, he stands on an elevated curb near a stop sign on a driveway exit to a shopping plaza with a grocery store. The vehicles must come to a complete stop at that spot, even if he were not there, and often the vehicles have to wait an extended period for traffic to clear before moving forward. Thus Mr. Wilson is able to try to communicate with people safely here.

37. Other times, he stands near the side of a driveway exiting another shopping plaza, near a traffic signal. This allows him to communicate with motorists who are stopped for a red light.

38. Even though his panhandling posed absolutely no public safety issue, Bath Police Department responded quickly each time Mr. Wilson came to Bath Township. Each time, they have used the Law to deter his speech.

39. On or about December 13, 2018, Bath Township Police Car #18 approached Mr. Wilson, and an officer informed him that he could no longer receive or accept gifts or donations from motorists, and that he could be cited, arrested, or jailed for trying to do so. The officer told Mr. Wilson he had to leave, and pulled his cruiser in front of Mr. Wilson, blocking the street until he was forced to go.

40. On or about December 19, 2018, Mr. Wilson again sought to panhandle in Bath Township. This time, Defendant Chief Sinopoli himself approached Mr. Wilson and ordered him to leave and never return to Bath Township. Chief Sinopoli told Mr. Wilson that his officers had previously told him he could no longer panhandle, that panhandling was a crime, and that he could be arrested.

41. Chief Sinopoli told Mr. Wilson: "I want you to leave and never come back," and "wherever you go in Bath, I'm going to send my officers down there." Mr. Wilson was forced to leave.

42. Even though Mr. Wilson wanted to communicate with the numerous holiday shoppers who visit Bath Township in December, he was afraid to enter Bath at all during the holiday season based on this threat.

43.     On or about January 17, 2019, Mr. Wilson ventured again to Bath Township and attempted to hold up his sign. Again, Chief Sinopoli approached him and asked "you're back again? Why do you keep coming out here? ... You aren't going to be able to do this anymore." Mr. Wilson was once more forced to leave.

44.     Finally, on or about February 17, 2019, Mr. Wilson again held up a sign near the same stop sign in Bath Township. Two police vehicles came in response. One officer pulled his car up to Mr. Wilson, blocking the driveway, told Mr. Wilson to leave, and the two cruisers waited there until he did. Now, Mr. Wilson is afraid to return to the Township.

45.     Mr. Wilson wants to return to Bath to communicate with people leaving the shopping plaza, but is afraid to do so out of fear that the Bath Police Department will harass, ticket, or jail him.

46.     Mr. Wilson's panhandling does not jeopardize traffic flow or roadway safety. In fact, by parking their cruisers in the street, the police *response* to Mr. Wilson's panhandling has been dramatically more disruptive to traffic flow and safety than Mr. Wilson's roadside presence.

47.     Summit County's Anti-Panhandling Law on its face, and Defendants' enforcement of it against Mr. Wilson and other residents, are unconstitutional restrictions on speech under the First Amendment.

## CAUSES OF ACTION

### COUNT ONE
### Constitutional and Civil Rights Pursuant to 42 U.S.C. § 1983
### Violation of First Amendment and Ohio Constitution
**(Against all Defendants)**

48. Speech that communicates a need, asks for help, or requests charity is fully protected free speech under the United States and Ohio Constitutions.

49. By singling out expressive activity that "attempt[s] to engage in distribution," or "attempt[s] to exchange a physical item," i.e., receive a donation, Summit County's Anti-Panhandling Law draws a distinction based on the subject matter, function, or purpose of speech, and therefore is a content-based restriction subject to strict scrutiny.

50. Moreover, the Anti-Panhandling Law was transparently and expressly motivated by a hostility towards a category of speech, namely panhandling, which also makes it a content-based restriction subject to strict scrutiny.

51. The Anti-Panhandling Law also fails intermediate scrutiny. It is not narrowly tailored to serve a significant government interest. Further, the Law does not leave ample alternative channels for panhandling.

52. The Anti-Panhandling Law has harmed and continues to harm Plaintiff by interfering with his ability to freely communicate his needs in Bath Township and in other places in Summit County.

53. The Law's unconstitutional restrictions have injured Plaintiff, making him entitled to relief under the federal and state constitutions and 42 U.S.C. § 1983.

54. The Law's unconstitutional restrictions have caused and will continue to cause irreparable harm to the rights of the Plaintiff and others similarly situated.

# **PRAYER FOR RELIEF**

Plaintiff requests that this Court enter judgment against Defendants providing the following relief:

A. Damages in whatever amount the Plaintiff is found to be entitled;

B. Preliminary and Permanent Injunctive Relief

C. Declaratory Relief;

D. An award of interest, costs, and reasonable attorney's fees; and

E. Such other and further relief as the Court deems appropriate.

March 28, 2019

Respectfully Submitted,

*/s/Joseph W. Mead*
Joseph W. Mead, trial counsel (0091903)
Elizabeth Bonham (0093733)
Freda J. Levenson (0045916)
American Civil Liberties Union of Ohio Foundation
4506 Chester Avenue
Cleveland, OH 44103
Phone: (614) 586-1958
Fax: (614) 586-1974
attyjmead@gmail.com
ebonham@acluohio.org
flevenson@acluohio.org